IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ERIC LEE PROCTOR, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-19-837-PRW |
| ) | |
| RICK WHITTEN, ) | |
| ) | |
| Respondent, ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Petitioner Eric Lee Proctor, a state inmate appearing pro se, seeks habeas relief under 28 U.S.C. § 2254. The matter was referred to Magistrate Judge Gary Purcell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). The Magistrate Judge recommends that the petition be dismissed as untimely, and gave Petitioner until October 10, 2019, to file objections to the Report and Recommendation (Dkt. 8).

Petitioner timely objected (Dkt. 9), and then filed a flurry of other motions and documents. First came a notice attempting to supplement one of his objections (Dkt. 10), then a motion to stay the case (Dkt. 11) that was quickly followed by a motion to withdraw that motion to stay (Dkt. 12), then a motion for court-appointed counsel (Dkt. 16), and finally two more supplements to his objections (Dkt. 15 and Dkt. 17).

1

Petitioner did not ask for permission to supplement his objections to the Report and Recommendation. This is problematic for the obvious timeliness reason, but also because his first supplement (Dkt. 10) includes an "objection" that purports to raise actual innocence and ineffective assistance of counsel claims not included in the Petition (Dkt. 1). However, claims "raised for the first time in objections to the magistrate judge's report are deemed waived,"[1] and Petitioner has not demonstrated that he qualifies for any of the exceptions from this firm waiver rule: that the court failed to inform him of the time period for objecting and the consequences of failing to object, that the interests of justice warrant review, or plain error.[2] With regard to the other supplements to his objections, the Court will just say this: while Petitioner should have asked for permission to supplement his objections, the Court has considered all arguments Petitioner makes in support of those objections in reviewing the objected-to portions of the Report and Recommendation de novo. As explained more fully below, none of Petitioners arguments has merit.

The Magistrate Judge has recommended that the petition be dismissed as untimely. This is so because Petitioner seeks habeas relief on the grounds that his sentence violates the Eighth and Fourteenth Amendments, based on the holdings of

---

[1] *United States v. Garfinkle,* 261 F.3d 1030, 1031 (10th Cir.2001).
[2] *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir.2008); *Wardell v. Duncan*, 470 F.3d 954, 958 (10th Cir.2006).

the Supreme Court in *Miller v. Alabama*, 567 U.S. 460 (2012) and *Graham v. Florida*, 560 U.S. 48 (2010). Because Petitioner's crime was not a homicide, *Graham v. Florida* is the case that established the constitutional principle that Petitioner invokes in an attempt to invalidate his sentence. But *Graham v. Florida* was decided on May 17, 2010, yet Petitioner did not file this habeas action until September 10, 2019. Because 28 U.S.C. § 2241(d)(1)(C) requires Petitioner to have brought his *Graham*-based claim within one year of May 18, 2010, the Magistrate Judge concluded that the case was untimely. The Magistrate Judge went on to consider whether the one-year statute of limitations could be tolled by 28 U.S.C. § 2244(d)(2), which allows for tolling while a properly filed application for state post-conviction relief is pending, but concluded that it could not, because Petitioner's state petition for post-conviction relief was also untimely. The Magistrate Judge next considered whether the statute of limitations should be equitably tolled, but concluded that such tolling was not warranted under the circumstances.

Petitioner objects that the Magistrate Judge misunderstands 28 U.S.C. § 2241(d)(1)(C)'s statute of limitation, and points to the Supreme Court's decision in *Dodd v. United States*, 545 U.S. 353 (2005) in support--a decision he says the Magistrate Judge grossly misinterpreted. The problem with all this is that *Dodd* couldn't be more against Petitioner, and the Magistrate Judge correctly applied *Dodd*. Petitioner selectively quotes from *Dodd* and willfully ignores the plain as day

holding of the case, which is that 28 U.S.C. § 2241(d)(1)(C)'s one year statute of limitation begins running when the Supreme Court recognizes a new constitutional right, even if the Supreme Court hasn't yet made that right retroactive.

Petitioner does not object to the Magistrate Judge's conclusion that the statute of limitations cannot be statutorily tolled, but does object to the conclusion that it should be equitable tolled. But this argument too is premised on Petitioner's mistaken understanding of when his statute of limitations began to run. Because he mistakenly believes that his statute of limitations did not begin to run until the Supreme Court decided *Montgomery v. Louisiana,* 577 U.S. \_\_\_\_\_ (2016), he argues that his petition was just barely late, and attributes that lateness to his former attorney who told him his petition was time-barred and that she accordingly couldn't in good faith file it for him.[3] But as explained above, the statute of limitations began to run in 2010, not 2016, so his state petition was *years* late, his subsequent federal petition was also *years* late, and the alleged 14 day delay in filing his federal petition that he blames on his attorney is entirely beside the point because it makes no difference— his petition was already *years* late. Petitioner also argues that the statute of limitations should be tolled because he is actually innocent, but none of his evidence demonstrates that he has a colorable claim of actual innocence.[4] In short, the Court

---

[3] Dkt. 9-1, Affidavit of Laura Deskin.
[4] In support of his actual innocence argument in support of equitable tolling, Petitioner attaches two affidavits that he claims are from his victims (Dkt. 9-3,

4

agrees entirely with the Magistrate Judge's reasoning and conclusions with regard to equitable tolling.

Accordingly, the Court:

(1) **DENIES** the Motion for Court-Appointed Counsel (Dkt. 16) because no evidentiary hearing is warranted,

(2) **ADOPTS** the Report and Recommendation (Dkt. 8) issued by the Magistrate Judge on September 9, 2019,

(3) **DISMISSES** the Petition as untimely filed,

(4) **FINDS** that a certificate of appealability should not issue, and

(5) **ORDERS** that judgment issue forthwith.

**IT IS SO ORDERED this 16th day of February, 2021.**

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

Affidavits of Kathy Diggs and Debra Hayes). Assuming that is true—and overlooking the fact that the affidavits appear to have been written by the same person—even taken at face value, the affidavits provide nothing no actual evidence of Petitioner's innocence, just a vague allusion to "tainted testimony." Moreover, one of the alleged victim's statement that she "forgives" Petitioner, suggests guilt, not innocence.